Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50367 | **DATE** | 10/10/2003 |
| **CASE TITLE** | Wright vs. Westport Insurance Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court dismisses this cause in its entirety and remands it to the circuit court of Winnebago County. The pending motions for summary judgment [#s 17 & 18] are denied as moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 10 2003 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| /LC6 | courtroom deputy's initials | 03 OCT 10 PM 1:46 Date/time received in central Clerk's Office | 10-10-03 date mailed notice   OW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

This action was removed to this court from the circuit court of Winnebago County, Illinois, and seeks purely declaratory relief pursuant to the Declaratory Judgment Act (Act), 28 U.S.C. § 2201 et seq. The claims raised in the amended complaint are strictly matters of state law, and the jurisdictional basis for removal is diversity of citizenship. The parties have each moved for summary judgment on the issues of whether defendant is obligated to either indemnify or defend plaintiff under an insurance policy issued to plaintiff by defendant.

The court, on its own motion, notified the parties of its possible dismissal and remand, see Stewart Title Guaranty Co. v. The Cadle Co., 74 F. 3d 835, 836 (7th Cir. 1996), and requested the parties to brief the issue of whether this court should exercise its jurisdiction over this declaratory judgment action or dismiss it and remand it to state court. In that regard, defendant has filed a brief urging the court to retain this case. Plaintiff has likewise filed a brief supporting retention of this case.

In Wilton v. Seven Falls Co., 515 U.S. 277 (1995), the Supreme Court, relying on the language of the Act itself as well as the Court's earlier decision in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), stated that the Act has been understood to confer on federal courts "unique and substantial discretion" in deciding whether to declare the rights of litigants. Wilton, 515 U.S. at 286. The Court characterized the Act as an enabling one which confers a discretion on the courts rather than an absolute right upon a litigant. Wilton, 515 U.S. at 287. Thus, the propriety of declaratory relief in a given case depends upon a circumspect sense of its fitness informed by the teachings and experience concerning the function and extent of federal judicial power. Wilton, 515 U.S. at 287. Consequently, a federal court has a "unique breadth of ... discretion to decline to enter a declaratory judgment." Wilton, 515 U.S. at 287.

The discretion to decline to provide declaratory relief is irrespective of the jurisdiction to do so. There is nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action. Wilton, 515 U.S. at 288. By passing the Act, Congress "created an opportunity, rather than a duty," to grant relief to qualified litigants. Wilton, 515 U.S. at 288. Therefore, in the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. Wilton, 515 U.S. at 288.

In deciding whether to decline to exercise its jurisdiction in this case, the court is guided by several considerations outlined by the Seventh Circuit in a case applying Brillhart. See Nationwide Ins. v. Zavalis, 52 F. 3d 689 (7th Cir. 1995). In Zavalis, the court stated that a federal court should consider (among other things) : (1) whether the declaratory suit presents a question distinct from the issues in the state court proceeding; (2) whether the parties to the two actions are identical; (3) whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplication and piecemeal litigation; and (4) whether comparable relief is available to the party seeking the declaratory judgment in another forum or at another time. Zavalis, 52 F. 3d at 692.

In this case, the issues, as well as the parties, are identical to the state court proceeding as the case was removed here from state court. While a declaratory judgment action here will give the parties the relief they seek, so too can they obtain the same relief in state court. While the court agrees there is no pending "parallel state court proceeding," that is but one consideration in deciding to abstain. The significance of a parallel state court proceeding is the existence of an adequate, alternative forum, a concern satisfied here by a remand to the state court from which this matter was originally removed. See Zavalis, 52 F. 3d at 692. Even though the parties have fully briefed their respective motions for summary judgment, the issues presented therein will presumably be the same issues to be resolved in the state court. Further, the court cannot say that any decision made here will serve to clarify the legal rights of the parties as Illinois law is, at least in part, unsettled as to the application of proximate cause principles to the interpretation of an insurance contract. See, e.g., Allstate Ins. Co. v. Smiley, 276 Ill. App. 3d 971 (1996); Oakley Transport, Inc. v. Zurich Ins. Co., 271 Ill. App. 3d 716 (1995); Insurance Co. of North America v. Krigos, 196 Ill. App. 3d 200 (1990); United States Fidelity & Guaranty Co. v. State Farm Mutual Auto. Ins. Co., 152 Ill. App. 3d 46 (1987). A federal court should be hesitant in exercising its jurisdiction over a declaratory judgment action when the state law involved is close or unsettled. State Auto Ins. Co. v. Summy, 234 F. 3d 131, 135 (3rd Cir. 2001). It is prudent to leave a question of state law to be decided by the state courts where there seems to be equally relevant statements by the state courts on either side of the issue. Mitcheson v. Harris, 955 F. 2d 235, 240 (4th Cir. 1992).

Taking all these considerations into account, along with the Supreme Court's clear suggestion in Wilton that jurisdiction over a declaratory judgment action should yield to considerations of practicality and wise judicial administration, the court declines to exercise its jurisdiction in this case. Accordingly, this cause is dismissed in its entirety and remanded to the circuit court of Winnebago County. The pending motions for summary judgment are denied as moot.